THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Darren Monroe, | ) | CASE NO. 1:12 CV 1117 |
| | ) | |
| Petitioner, | ) | |
| | ) | **JUDGE DONALD C. NUGENT** |
| vs. | ) | |
| | ) | Magistrate Judge Greg White |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| Jason Bunting, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Greg White (DOCKET #11). On May 4, 2012 Petitioner, Darren Monroe, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (DOCKET #1). The Magistrate Judge recommends that the Petition be denied.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of the case is as follows:

On January 3, 2008 a Cuyahoga County Grange Jury charged Monroe with one count of aggravated murder in violation of Ohio Revised Code ("O.R.C.") § 2903.01(A) together with a three-year firearm specification and two mass murder specifications. Monroe was also charged with two counts of attempted murder in violation of O.R.C. § 2923.02/2903.02(A) together with three-year firearm specifications. (Doc. No. 9-1, Exh. 2.) He was arraigned on January 7, 2008 and pled not guilty to all charges. A jury trial commenced on July 21, 2008. After the State rested on July 28, 2008, Monroe moved for acquittal pursuant to Ohio Crim. R. 29(A), which the trial court granted as to the element of prior calculation and design. The mass murder specifications to Count 1 were deleted.

On July 31, 2008, the jury found Monroe guilty of murder (including the three-year firearm specification) and not guilty of the attempted murder charges.

Monroe filed a motion for a new trial on August 13, 2008. The court granted the motion and vacated the jury's verdict on the grounds it was against the manifest weight of the evidence. (Doc. No. 9-1, Exh. 9.) The State appealed, arguing the trial court erred when it (1) granted a new trial based on purported inconsistent verdicts; and (2) held that minor inconsistencies and possible bias rendered Monroe's conviction infirm. (Doc. No. 9-1, (Exh. 15.) On September 24, 2009, the trial court's ruling was affirmed. *See State v. Monroe*, 2009 WL 3043261 (Ohio App. 8th Dist. Sept. 24, 2009). *See also* Doc. No. 9-1, Exh. 18.

On January 25, 2010, Monroe's second trial commenced. The jury found Monroe guilty of the inferior offense of voluntary manslaughter in violation of O.R.C. § 2903.03 and the three-year firearm specification. (Doc. No. 9-1, Exh. 19.) The trial court sentenced Monroe to a term of imprisonment of three years on the firearm specification to be served prior to and consecutive with an eight year term on the voluntary manslaughter charge. (Doc. No. 9-1, Exh. 1.)

Monroe, through counsel, timely appealed to the Court of Appeals for the Eighth Appellate District raising nine assignments of error. On July 23, 2011 Monroe's conviction and sentence were affirmed. *State v. Monroe*, 2011 WL 2476280 (Ohio App. 8th Dist. June 23, 2011). *See also* Doc. No. 9-1, Ex. 24. On September 7, 2011, Monroe timely filed, through counsel, a notice of appeal to the Ohio Supreme Court, raising nine propositions of law. (Doc. No. 9-1, Exh. 28.) On December 21, 2011, Monroe's appeal was dismissed as not involving any substantial constitutional question. (Doc. 9-1, Exh. 30.) Monroe did not pursue post-conviction relief, nor did he seek to re-open his appeal pursuant to Ohio App. R. 26(B).

On May 4, 2012, Monroe filed a Petition for Writ of Habeas Corpus, asserting seven grounds for relief under the Sixth and Fourteenth Amendments. (Doc. No. 1 at 3-4.) Respondent filed a Return on August 2, 2012 (Doc. No. 9) and Monroe thereafter filed his Traverse on August 31, 2012 (Doc. No. 10).

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made, the district court reviews the case *de novo*. FED R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* considering the objections and exceptions of the Petitioner. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge (Docket #11) in its entirety.

The Petition for Write of Habeas Corpus (Docket #1) is DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues certificate appealability, an appeal may not be taken to the court of appeals from –
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issues by a State court; or
>
> (B) the final order in proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing he petition or that petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation (Docket #11), a reasonable jurist would not find this Court's assessment of the constitutional claims on grounds 1 through 7 debatable or wrong, that a reasonable jurist could not conclude that dismissal of grounds 1 through 7 of the Petition is in error, or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 26, 2013